**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BETTY MOORE**                                                                    **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:20-cv-48-DPJ-MTP**

**ANDREW SAUL,**
**Commissioner of Social Security**                                          **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff Betty Moore brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits. Having reviewed the parties' submissions, the record, and the applicable law, the undersigned recommends that Plaintiff's Motion for Summary Judgment [7] be denied, the Commissioner's final decision be affirmed, and this action be dismissed with prejudice.

## PROCEDURAL HISTORY

On March 29, 2017, Plaintiff applied for disability insurance benefits. (Administrative Record [6] at 149). Plaintiff alleged that she had been disabled since August 1, 2016 due to post-traumatic stress disorder ("PTSD"). ([6] at 149 and 173). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") held a hearing on September 29, 2017. ([6] at 121). On February 5, 2019, the ALJ issued a decision finding that Plaintiff was not disabled. ([6] at 22-44).

Plaintiff appealed the ALJ's decision, and on December 26, 2019, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([6] at 5). Plaintiff now seeks judicial review in this Court under 42 U.S.C. §

1

405(g). On June 15, 2020, Plaintiff filed a Motion for Summary Judgment [8]. The Defendant filed a Memorandum in Opposition [9] to the Motion, and Plaintiff filed her Rebuttal Brief [10]. This matter is now ripe for review.

## ADMINISTRATIVE LAW JUDGE'S DECISION

In her December 26, 2019 decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled. At step one, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 1, 2016. ([6] at 27). At step two, the ALJ found that Plaintiff had the following severe impairments: "lumbar spine lordosis and scoliosis, anthropathy of the lumbar facet join, history of post-traumatic stress disorder, and depression." ([6] at 27). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([6] at 28).

---

[1] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.92. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[2] to "perform medium work as defined in 20 C.F.R. 404.1567(c)[3] except she can occasionally balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs. She is limited to the performance of routine, repetitive work with occasional interaction with the public and her coworkers. She is to have supervision at a basic level. There is to be no fast-paced production work." ([6] at 30-31). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. ([6] at 37). At step five, however, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. Accordingly, the ALJ found that Plaintiff was not disabled. ([6] at 38-39).

## APPEALS COUNCIL'S DECISION

Plaintiff appealed the ALJ's decision to the Appeals Council. In support of her appeal, Plaintiff submitted additional evidence. Specifically, Plaintiff submitted medical records from Dr. Kenneth Schneider dated March 1, 2019. The Appeals Counsel determined that the evidence was not new because it was a copy of an already existing exhibit. ([6] at 6, 654-57). Plaintiff also submitted medical records from the Department of Veterans Affairs dated January 9, 2019. ([6] at 6). The Appeals Council found that the evidence did "not show a reasonable probability that it would change the outcome of the decision" and denied Plaintiff's request for review. ([6] at 6).

---

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary or light work." 20 C.F.R. §§ 404.1567(c).

**STANDARD OF REVIEW**

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

**ANALYSIS**

In her brief, Plaintiff raises two issues for review:

1) Whether the ALJ's determination of Plaintiff's RFC is supported by substantial evidence due to Plaintiff's regular use of a cane.

2) Whether the ALJ sufficiently explained how the supportability and consistency factors were applied to Plaintiff in compliance with 20 C.F.R. 404.1520c.

*Issue 1: Whether the ALJ's determination of Plaintiff's RFC is supported by substantial evidence due to Plaintiff's regular use of a cane.*

Plaintiff argues that the ALJ's RFC does not incorporate Plaintiff's use of a cane in any way and, therefore, substantial evidence does not support the ALJ's RFC determination. ([8] at 13). Plaintiff asserts that, even though Plaintiff's use of a cane originated from her borrowing a cane from a friend, "Dr. Toole concluded that the cane was necessary for Plaintiff with regard to long distances and uneven terrain." ([8] at 12).

Defendant argues that the ALJ considered the entire record in determining the RFC for Plaintiff, and Plaintiff's cane usage was "*on her own volition*." (emphasis in original) ([9] at 7). In support of his argument, Defendant references Social Security Ruling 96-9p which states, "to find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." *Id*.; *see also* Social Security Ruling 96-9p, 1996 WL 347185, *6 (Jul. 5, 1996). Defendant asserts that the ALJ had no duty to incorporate Plaintiff's cane usage into the RFC assessment because the cane was not medically necessary. ([9] at 8).

The parties do not cite to, and the undersigned was unable to locate, a Fifth Circuit case which expands on exactly what type of "medical documentation" is required to establish the need

5

for an assistive device referenced in Social Security Ruling 96-9p. However, several circuits have elaborated and expounded on what documentation is needed in order for a Plaintiff to show medical necessity. *See Tripp v. Astrue*, 489 Fed. Appx. 951, 955 (7th Cir. 2012) ("though no published appellate decisions addresses the precise documentation a claimant must provide, the Third and Tenth Circuits in non-precedential decisions have required an unambiguous opinion from a physician stating the circumstances in which an assistive device is medically necessary."); *see also Staples v. Astrue*, 329 Fed. Appx. 189, 192 (10th Cir. 2009) ("SSR 96-9p requires more than generalized evidence of a condition that might require use of a cane. It requires 'medical documentation *establishing the need* for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed.'").

Plaintiff's regular use of a cane is mentioned throughout the Administrative Record, and Plaintiff argues that this "implicitly support[s] the necessity of Plaintiff's use of a cane." ([8] at 14). Case law emphasizes that ALJs have no duty to incorporate a Plaintiff's use of a non-medically necessary cane into the RFC assessment. *See McGowan v. Colvin*, 2016 WL 4250433 at *6 (S.D. Miss. Aug. 11, 2016) (because a claimant lacked a prescription for a cane, no imagery to support claimant's need for a cane, and claimant obtained the cane from a family member, the ALJ's decision was supported by substantial evidence). Other district courts within the Fifth Circuit have made similar findings. *See Johnson v. Berryhill*, 2017 WL 1105720 at *11-12 (N.D. Tex. March 24, 2017) (upholding ALJ's finding of not disabled when claimant chose to use cane on own accord without a medical prescription).

In support of her argument, Plaintiff points to the following statement by Megan Toole, M.D.: "The claimant does need an assistive device with regards to long distances and uneven terrain….she can lift 5 pounds due to back pain and carrying a cane." ([6] at 500). In his

decision, the ALJ considered the physical examination by Dr. Toole, and determined that Dr. Toole's opinions were only somewhat persuasive. ([6] at 36). The ALJ discussed Dr. Toole's observation that Plaintiff was able to get on and off of the exam table without difficulty as well as ambulate around the exam room without her cane. ([6] at 36).

The ALJ noted that Dr. Toole did not personally witness Plaintiff walking long distances or on uneven terrain. ([6] at 36). In addition, Dr. Toole witnessed Plaintiff walking without a cane and described it as "a slow steady gait" with no gross abnormality. ([6] at 36). The ALJ also considered Dr. Toole's opinion that Plaintiff did not give good effort during her examination. ([6] at 34). Dr. Toole did not support her assessment that Plaintiff required the use of a cane or assistive device by identifying specific medical or clinical findings. ([6] at 500).

Dr. Toole's statement that Plaintiff requires a cane typifies the testimony disfavored by the Fifth Circuit when a statement is "not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *See Foster v. Astrue*, 410 Fed. App'x 831, 833 (5th Cir. 2011) (holding that a physician's opinion that a patient required a cane held little weight because the opinion was brief and conclusory in nature with a "lack of explanatory notes, or supporting objective tests and examinations…"); *see also Bryant v. Saul*, 2020 WL 2479273, *4 (holding that medical necessity is not determined by a brief or conclusory statement that patient required cane to ambulate when Plaintiff's use of cane was not prescribed and self-imposed). Dr. Toole's statement comes from a singular consultative examination that occurred on June 10, 2017. ([6] at 496).

The ALJ also examined physical evidence including imaging of Plaintiff during this time period and considered whether it reflected Plaintiff's alleged need for a cane. The ALJ examined an MRI of Plaintiff's spine from May of 2018 which revealed only mild degenerative changes,

7

including "no significant changes from an earlier April 2015 study." ([6] at 36). Ultimately, after considering the record as a whole, the ALJ determined that Dr. Toole's statement that Plaintiff needed a cane for long distances and uneven terrain was not supported by Dr. Toole's own examination or the physical evidence. ([6] at 34).

The undersigned finds that the ALJ's determination of Plaintiff's RFC is supported by substantial evidence and fairly considered Plaintiff's limitations. As noted above, the Court does not reweigh the evidence or substitute its judgment for that of the Commissioner. *Harrell*, 862 at 475. The ALJ's determination should be affirmed. *See Selders*, 914 F.2d at 617.

***Issue 2: Whether the ALJ's sufficiently explained how the supportability and consistency factors were applied to Plaintiff in compliance with 20 C.F.R. 404.1520c.***

Plaintiff argues that the ALJ failed to meet the requirements of 20 C.F.R. 404.1520c in his discussion of the factors of supportability and consistency. ([8] at 18). 20 C.F.R. 404.1520c is the Federal Regulation that describes how medical opinions are considered and articulated for claims filed after March 27, 2017. 20 C.F.R. 404.1520c. The Social Security Administration no longer requires ALJs to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative finding, including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a) (2017). The new regulations establish that supportability and consistency of the medical opinions are the most important factors when evaluating whether a medical opinion is persuasive, and the ALJ's decision must include his consideration of these factors. 20 C.F.R. § 404.1520c(b)(2). Plaintiff alleges that the ALJ "cherry-picks" Dr. Toole's findings "by finding the less limiting factors persuasive and the more limiting factors unpersuasive." ([8] at 18).

Defendant maintains that the ALJ considered all of the evidence from Dr. Toole "point-by-point" in order to "properly determine the supportability and consistency, as set forth in the

Commissioner's regulations." ([9] at 13). To buttress his point, Defendant points to the ALJ's consideration of Dr. Toole's in-person examination as well as his review of the record as a whole, including imaging evidence from a May 2018 MRI. ([9] at 14).

The ALJ considered each medical opinion,[4] including Dr. Toole's, and explained whether he found the opinion to be persuasive as required by 20 C.F.R. § 404.1520c(b). Plaintiff saw Dr. Toole for a consultative examination on a single occasion. ([6] at 495). The ALJ discusses Dr. Toole's "Impression" at length, ultimately finding that the opinion is only somewhat persuasive. ([6] at 36, 500).

The ALJ found that Dr. Toole's analysis of Plaintiff's mild limitations regarding sitting, standing and walking was supported by both Dr. Toole's own observations during her examination and by the MRI Plaintiff received in May of 2018. ([6] at 36). However, the ALJ found Dr. Toole's analysis that Plaintiff required an assistive device while walking long distances as unpersuasive as Dr. Toole did not observe Plaintiff in a situation where she had to walk for a long distance or on uneven terrain or that it was consistent with the record. ([6] at 36).

The ALJ further determined that Dr. Toole's statement that Plaintiff required an assistive device was not supported by her own examination of Plaintiff or consistent with the MRI of Plaintiff's spine. ([6] at 36). On the contrary, the ALJ found that Dr. Toole's direct observation of Plaintiff revealed Plaintiff is "able to ambulate fairly normally without the cane as she was walking slowly." ([6] at 500). Dr. Toole also noted there was no gross abnormality of Plaintiff's

---

[4] The ALJ also considered the opinions of Dr. Kenneth Schneider, Dr. Jan Boggs, Dr. Glenn James and, Dr. Jesse Dees finding each applying the same supportability and consistency factors to their opinions and determining their persuasiveness based on the factors. ([6] at 33, 35-37). The parties did not discuss the ALJ's application of the supportability and consistency factors as to these doctors' opinions, thus the undersigned will not do so here.

gait during her examination. ([6] at 500). The ALJ determined that Dr. Toole's statements were only partially supported by or consistent with the medical records. ([6] at 36).

Plaintiff also alleges that the ALJ failed to consider Dr. Toole's statement that Plaintiff "can lift 5 pounds due to back pain and carrying a cane." ([6] at 500). As discussed above, the ALJ determined that Plaintiff's use of a cane was not consistent with the record as a whole. Dr. Toole's statement about Plaintiff's limitation of carrying five pounds relied, at least partially, on Plaintiff 's use of a cane based on her own phrasing that "[Plaintiff] can lift 5 pounds due to back pain and *carrying a cane*." (emphasis added) ([6] at 500). Dr. Toole herself describes Plaintiff's limitations for lifting and carrying as "mild." ([6] at 500).

The ALJ could have, as the government noted, used other evidence to support his conclusion including Plaintiff's voluntary activities. ([9] at 17). Evidence in the record conflicts with Dr. Toole's statement that Plaintiff could only lift five pounds. On August 8, 2017, Phil Summerlin, a vocational examiner, marked Plaintiff's Exertional Strength as "light" which included Plaintiff lifting 20 pounds maximum and 10 pounds frequently. ([6] at 196). This information is not consistent with Dr. Toole's statement. The ALJ also noted Dr. Toole's remark that Plaintiff did not give good effort during the examination. ([6] at 34). Conflicts in the record are for the ALJ to decide, not the courts. *Selders,* 914 F.2d at 617.

The ALJ properly weighed Dr. Toole's examination of Plaintiff against the other imaging evidence and the record as a whole. The "ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *See Garcia v. Berryhill*, 880 F.3d 700, 705 n. 7 (5th Cir. 2018) (quoting *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). The court may not reweigh the evidence or substitute its judgment for the Commissioner's. *Harrell*, 862 at 475. The issue is not whether other conclusions are possible, but whether the conclusion reached is

supported by substantial evidence. *Selders,* 914 F.2d at 617. Therefore, the undersigned recommends that the Commissioner's decision be upheld.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and that no reversible error of law was committed by the ALJ. Accordingly, the undersigned recommends that Plaintiff's Motion for Summary Judgment [7] be DENIED; the Commissioner's final decision be AFFIRMED; and this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 1st day of February, 2021.

s/ Michael T. Parker  
United States Magistrate Judge