UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BETTY MOORE                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:20-CV-48-DPJ-MTP

ANDREW SAUL,                                                   DEFENDANT
COMMISSIONER OF SOCIAL
SECURITY

ORDER

An Administrative Law Judge (ALJ) denied Plaintiff Betty Moore's claim for disability

benefits, and the Social Security Administration's Appeals Council denied review.  Moore then

appealed to this Court and moved for summary judgment.  Mot. [7].  Upon referral, the

magistrate judge recommended that the Court deny Moore's motion and affirm the

Commissioner's decision.  R&R [12].  Moore filed timely Objections [13], and the

Commissioner declined response.  For the following reasons, the R&R is adopted as to issues

related to Moore's use of a cane, but the case is remanded for further explanation of Moore's

lifting restrictions.

Moore presented two issues for review in her Objections:  (1) whether the ALJ's

description of Moore's residual functional capacity (RFC) is supported by substantial evidence

insofar as it fails to include her regular use of a cane, and (2) whether the ALJ sufficiently

explained how he considered a consultative medical examiner's opinions regarding the cane and

Moore's lifting restrictions.

Both objections relate to a report from consultative medical examiner Dr. Megan Toole,

who examined Moore in June 2017.  Dr. Toole opined in relevant part that Moore

> has mild limitations with sitting, standing, and walking due to back pain.  The
> claimant does need an assistive device [i.e., cane,] with regards to long distances

> and uneven terrain.  The claimant has mild limitations with lifting and/or carrying
> weight; she can lift 5 pounds due to back pain and carrying a cane.

Admin. R. [6] at 500.

Starting with the first objection regarding the RFC, Moore argues that Dr. Toole's cane

opinion "established the medical necessity of th[e cane,] and . . . the ALJ's failure to include it in

the RFC is unsupported by substantial evidence."  Objs. [13] at 1.  The ALJ did not include

reference to the cane in his RFC, which instead concluded "that the claimant has the residual

functional capacity to perform medium work . . . except that she can occasionally balance, stoop,

kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs."  Admin. R. [6] at

30.  But he didn't ignore the cane either, noting Moore's testimony that "[s]he uses a cane in her

right hand for balance," *id.* at 31, and acknowledging Dr. Toole's "opinion" that Moore

"required the use of an assistive device with regards to long distances and uneven terrain," *id.* at

34.  The ALJ simply found the opinion unsupported and excluded it from the RFC.  *Id.*

Moore says that finding violated Social Security Ruling 96-9p, which was adopted "[t]o

explain the Social Security Administration's policies regarding the impact of [an RFC]

assessment for less than a full range of sedentary work on an individual's ability to do other

work."  SSR 96-9p, 1996 WL 374185, at *1 (July 2, 1996).  As applied to canes, the ruling

explains:

> To find that a hand-held assistive device is medically required, there must be
> medical documentation establishing the need for a hand-held assistive device to
> aid in walking or standing, and describing the circumstances for which it is
> needed (i.e., whether all the time, periodically, or only in certain situations;
> distance and terrain; and any other relevant information).  The adjudicator must
> always consider the particular facts of a case.

*Id.* at *7.  The question is whether Dr. Toole's opinion constitutes competent "medical

documentation" that a cane was "medically required."  *Id.*  The magistrate judge thoroughly

explained why it did not, and this Court sees no need to elaborate on that analysis.

But even if Dr. Toole's opinion regarding the need for a cane constitutes "medical documentation" that the cane was "medically required," nothing in SSR 96-9p requires an ALJ to accept a medical opinion. *Id.*  Indeed, the ALJ rejected Dr. Toole's opinions regarding the cane.  Whether the ALJ correctly did so is the focus of Moore's second objection.  Thus, if the ALJ sufficiently explained why the cane opinion was excluded (issue two), then even if Dr. Toole's opinion satisfies 96-9p, the ALJ did not err in excluding it from the RFC (issue one).

Turning to issue two, Moore says the ALJ failed to fully comply with 20 C.F.R. § 404.1520c, which governs the factors an ALJ must address when deciding whether—or to what extent—to accept medical opinions.  In particular, Moore says "that the ALJ's discussion of the factors of supportability and consistency in determining the persuasiveness of Dr. Toole's opinion was insufficient to satisfy the requirements of 20 C.F.R. [§] 404.1520c leaving that finding insufficiently supported."  Objs. [13] at 4.

Section 404.1520c—which became effective two days before Moore filed her claim—begins by observing that ALJs have authority to reject medical opinions.  It states, "We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from your medical sources." 20. C.F.R. § 404.1520c(a).  So here, the ALJ was not required to give any weight to Dr. Toole. The Court will examine § 404.1520c in greater depth next.  But as applied to Dr. Toole's cane opinion, the Court adopts the R&R, finds that the ALJ properly documented the reasons for rejecting that opinion, and concludes that the exclusion of the cane from the RFC was supported by substantial evidence.

The lifting restrictions are more difficult.  As noted, Dr. Toole opined that Moore "can lift 5 pounds due to back pain and carrying a cane."  Admin. R. [6] at 500.  The ALJ implicitly

rejected that opinion because he found Moore can perform medium work.  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

Before an ALJ may discount or reject an opinion, he or she must "articulate in [the] determination or decision how persuasive [the ALJ] find[s] *all* of the medical opinions."  *Id.* § 404.1520c(b) (emphasis added).  And that decision turns on five considerations, the first two of which—supportability and consistency—reflect "the most important factors."  *Id.* § 404.1520c(b)(2).  The regulations define those terms as follows:

> (1) Supportability.  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 404.1520c(c)(1), (2).

Notably, the regulations treat supportability and consistency differently from the other factors.  As to them, the regulations state: "[W]e *will explain how* we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."  *Id.* § 404.1520c(b)(2) (emphasis added).  As to the others, the regulations state:  "We may, but are not required to, explain how we considered [those] factors . . . when we articulate how we consider medical opinions and prior administrative medical findings in your case record."  *Id.*

Here, Moore argues in her summary-judgment memorandum that "[t]he ALJ opinion [regarding lifting restrictions] makes no finding as to the persuasiveness of this important element of Dr. Toole's opinion."  Pl.'s Mem. [8] at 17.  She is correct.  As noted, the ALJ was

first required to "articulate in [the] determination or decision how persuasive" he found "all of the medical opinions." 20 C.F.R. § 404.1520c(a).  By implication, the ALJ rejected the 5-pound lifting opinion because he mentioned it in the description of the record yet concluded that Moore could lift 10 times that amount.  That said, he did not include the lifting opinion in the list of Dr. Toole's opinions that were deemed persuasive nor in the list of her opinions deemed unpersuasive.  *See* Admin. R. [6] at 32.  But that omission probably puts form over substance, because "[p]rocedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected."  *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).  And here, the RFC clearly demonstrates that the ALJ was not persuaded by the lifting restrictions.

The bigger problem is that the ALJ never explained why he was not persuaded or found the opinion unsupported or inconsistent.  As the magistrate judge correctly notes, "Dr. Toole's statement that Plaintiff 'can lift 5 pounds due to back pain and carrying a cane'" seems to link the lifting restriction to the cane, an opinion the ALJ had discretion to rejected.  R&R [12] at 10 (citing Admin. R. [6] at 500).  The R&R also observes that "[t]he ALJ could have . . . used other evidence to support his conclusion."  *Id*.  And while the Commissioner filed no response to Moore's Objections, the summary-judgment response likewise listed evidence from the administrative record suggesting Moore could lift more than 5 pounds.  *See* Def.'s Mem. [9] at 17.

But the ALJ never said that and never "explained" supportability or consistency as to the lifting opinion.  20 C.F.R. 404.1520c(b)(2).  Unlike the ALJ's review of Dr. Toole's cane opinion, he made no reference to the lifting opinion whatsoever when discussing the

persuasiveness of Dr. Toole's opinions.  It was simply rejected by implication, and the regulations now require more.

Finally, the omission could be material given the disparity between Dr. Toole's lifting opinion and the requirements for medium work.  That is, the ALJ did not reference record evidence showing Moore could lift at least 50 pounds or explain why the 5-pound limitation is inconsistent with other evidence or otherwise unsupported.  In fact, the magistrate judge noted another opinion that she could lift only 20 pounds, R&R [12] at 10, and the evidence the Commissioner cites does not necessarily support a finding that she could lift more than that.  On this record, the omission was not harmless.[1]

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, the Court adopts the Report and Recommendation [12] as its opinion regarding issues related to Moore's use of a cane.  The R&R is modified regarding the ALJ's rejection of Dr. Toole's lifting restrictions, and the appeal is remanded for further proceedings consistent with this order.  Plaintiff's Motion for Summary Judgment [7] is granted in part and denied in part.  A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 26th day of February, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Section 404.1520c is new, and there is little authority discussing what an ALJ must do to adequately "explain" supportability and consistency or what happens when those discussions are missing.  Accordingly, this Order should not be read too expansively.  There may be circumstances where an ALJ fails to use the magic words or fails to precisely connect the dots, yet the omissions are harmless.  In this case, the magistrate judge offered a feasible explanation for why the ALJ may have rejected Dr. Toole's lifting opinion.  But that might not be what the ALJ had in mind—something the regulations require him to explain—and the discussion could make a difference.